IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:25-CV-00115-M-KS

CRYSTAL CAROLYN HORTON,

    Plaintiff,

v.

FELICIA RENAY BARBERA and
PRUDENTIAL INSURANCE COMPANY
OF AMERICA / OSGLI,

    Defendants.

ORDER

This matter comes before the court on Plaintiff's Ex Parte Motion for Temporary Restraining Order. [DE 3]. Plaintiff seeks to enjoin the disbursement of her deceased father's life insurance policy, contending that he lacked the mental capacity to name Defendant Felicia Barbera as his intended beneficiary. *Id.* at 1.

A party seeking a temporary restraining order or preliminary injunction must demonstrate that (1) "he is likely to succeed on the merits"; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *See Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Jacobs v. Holmes*, No. 5:15-CT-3031-FL, 2015 WL 3891395, at *2 n.1 (E.D.N.C. June 14, 2015) (noting that a temporary restraining order is governed by the same general standards as preliminary injunctions) (citing *Hoechst Diafoil v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). "[A] district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023).

Here, Plaintiff has failed to show that she is likely to suffer irreparable harm. She alleges that without a temporary restraining order, the insurance proceeds may be dispersed to Defendant Barbera, thus "depriving the rightful heirs of their interest." Aff. [DE 2] at 1. This is not the type of harm that courts typically consider to be irreparable. Indeed, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Under North Carolina law, a plaintiff may "bring a civil action to rescind the change of [a life insurance] beneficiary where he claimed that the defendant procured the change by undue influence." *Stitz v. Smith*, 272 N.C. App. 415, 421, 846 S.E.2d 771, 775 (2020). Because Plaintiff has the legal right to sue for her father's insurance proceeds, the alleged harm is not irreparable.

Plaintiff's Ex Parte Motion for Temporary Restraining Order [DE 3] is DENIED.

SO ORDERED this 25th day of June, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE