IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-115-M-KS

| | |
|---|---|
| CRYSTAL CAROLYN HORTON, Administrator of the Estate of PERRY LUTHER YATES, deceased, <br><br> Plaintiff, <br><br> v. <br><br> FELICIA RENAY BARBERA (formerly Wyche), <br><br> Defendant. | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court on Defendant's motion to dismiss Plaintiff's initial complaint. Plaintiff has since filed both an amended complaint and a response in opposition to Defendant's motion to dismiss. Defendant filed an answer to Plaintiff's amended complaint on August 15, 2025. For the reasons that follow, Defendant's motion to dismiss should be denied as moot.

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend her complaint "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). A timely filed amended complaint supersedes the original complaint and becomes the operative complaint in the case. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Thus, any motions to dismiss the original complaint are rendered moot. *See Nat'l Coating & Supplies, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 4926282, at *1 (E.D.N.C. Aug. 21, 2020) ("[T]he filing of an amended complaint renders the current complaint

inoperative and . . . any motions directed at the superseded pleading must be denied as moot." (citations omitted)).

Plaintiff filed her initial complaint on June 25, 2025. (Compl. [DE #1].) Defendant obtained an extension of time to respond to the complaint (Ext. Order [DE #16]) and, on July 30, 2025, timely moved to dismiss Plaintiff's complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Mot. Dismiss [DE #22]). Plaintiff filed her amended complaint on August 6, 2025 (Am. Compl. [DE #34]), within twenty-one days of Defendant's Rule 12(b) motion. Plaintiff's timely filed amended complaint supersedes her initial complaint, rendering the initial complaint of no effect. Defendant's motion to dismiss the initial complaint is therefore moot.

Accordingly, it is RECOMMENDED that Defendant's motion to dismiss [DE #22] be DENIED as moot. IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties, who are hereby advised as follows:

You shall have **fourteen (14) days** from the date of this Memorandum and Recommendation to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), (E.D.N.C. May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 7th day of January 2026.

_____
KIMBERLY A. SWANK
United States Magistrate Judge